1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SB# 104442

2
    E-Mail: Glenn.Friedman@lewisbrisbois.com
ROBERT W. FARRELL, SB# 107461

3
    E-Mail: Robert.Farrell@lewisbrisbois.com
333 Bush Street, Suite 1100

4
San Francisco, California 94104-2872
Telephone: 415.362.2580

5
Facsimile: 415.434.0882

6
Attorneys for Defendant INSTANT BRANDS INC.

7
UNITED STATES DISTRICT COURT

8
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

9

10

11
JILLIAN ELIZABETH CLANTON, an individual,

Case No. 3:21-cv-08757-LB

12
                    Plaintiff,

**DEFENDANT INSTANT BRANDS INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

13
            vs.

14
INSTANT BRANDS INC., a Canadian Corporation,

15
                    Defendant.

16

17
        Defendant Instant Brands Inc. (hereinafter "Defendant") by and through its undersigned

18
attorneys of record, Lewis Brisbois Bisgaard & Smith LLP, hereby submit its Answer to Plaintiff

19
JILLIAN ELIZABETH CLANTON's ("Plaintiff") Complaint and Demand for Jury Trial

20
("Complaint").  In support thereof, Defendant states as follows:

21
                        **NATURE OF THE CASE**

22
        1.      Defendant admits only that it is engaged in the importing, marketing, distribution,

23
and sale of the Instant Pot Programmable Electric Pressure Cooker, Model Instant Pot ULTRA.  All

24
other allegations contained in Paragraph 1 are specifically denied.

25
        2.      Defendant denies the allegations contained in Paragraph 2.

26
        3.      Defendant lacks sufficient information or knowledge to admit or deny the truth of

27
the allegations contained in Paragraph 3 and those allegations are, accordingly, denied.

28
        4.      Defendant denies the allegations contained in Paragraph 4.

5.      Defendant denies the allegations contained in Paragraph 5.

6.      Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 6 and those allegations are, accordingly, denied.

## PLAINTIFF JILLIAN ELIZABETH CLANTON

7.      Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 7 and those allegations are, accordingly, denied.

8.      Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 8 and those allegations are, accordingly, denied.

9.      Paragraph 9 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 9.

## DEFENDANT INSTANT BRANDS INC.

10.     Defendant admits only that it is engaged in the importing, marketing, distribution, and sale of consumer kitchen products.  Defendant denies the remaining allegations in Paragraph 10.

11.     The allegations in Paragraph 11 appear to seek to characterize writings, which speak for themselves.   Defendant denies that such writings have been completely or accurately characterized.  Except as thus stated, Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits only that its headquarters is located at 495 March Street, Suite 200 Kanata, Ontario, Canada K2K 3G1.  The remaining allegations in Paragraph 12 are legal conclusions to which no response is required and those allegations are, accordingly, denied.

## JURISDICTION AND VENUE

13.     Defendant admits that this court has subject matter jurisdiction over this matter based on the diversity of the parties, but lacks sufficient information or knowledge with regard to whether this matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  The remaining allegations in Paragraph 13 are legal conclusions to which no response is required and those allegations are, accordingly, denied.

/ / /

14.     Defendant admits that venue is proper in this Court.  The remaining allegations in Paragraph 14 are legal conclusions to which no response is required and those allegations are, accordingly, denied.

## FACTUAL BACKGROUND

15.     Defendant admits only that it is engaged in the importing, marketing, distribution, and sale of the Instant Pot Programmable Electric Pressure Cookers such as the one that is the subject of this litigation. All other allegations contained in Paragraph 15 are specifically denied.

16.     Defendant admits that it markets the sale of Instant Pot Programmable Electric Pressure Cookers and that Plaintiff has selectively quoted from its website in Paragraph 16.  The allegations in Paragraph 16 appear to seek to characterize writings, which speak for themselves. Defendant denies that such writings have been completely or accurately characterized.

17.     The allegations in Paragraph 17 appear to seek to characterize writings, which speak for themselves.   Defendant denies that such writings have been completely or accurately characterized.  Except as thus stated, Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     The allegations in Paragraph 18 appear to seek to characterize writings, which speak for themselves.   Defendant denies that such writings have been completely or accurately characterized.  Except as thus stated, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 19 and those allegations are, accordingly, denied.

20.     Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 20 and those allegations are, accordingly, denied.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant denies the allegations contained in Paragraph 22.

23.     Paragraph 23 contains no factual allegations, so no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 23.

/ / /

24.     Paragraph 24 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 24.

25.     Paragraph 25 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 26.

26.     Paragraph 26 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 26.

## FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY

27.     Paragraph 27 is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

28.     Defendant denies the allegations contained in Paragraph 28.

29.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 29 and therefore denies same.

30.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 30 and therefore denies same.

31.     Paragraph 31 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32, including all subparts.

33.     Defendant denies the allegations contained in Paragraph 33.

34.     Paragraph 34 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 34.

## SECOND CAUSE OF ACTION
## NEGLIGENT PRODUCTS LIABILITY

35.     Paragraph 35 is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

/ / /

36.     Paragraph 36 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 36.

37.     Defendant denies the allegations contained in Paragraph 37.

38.     Defendant denies the allegations contained in Paragraph 38, including all subparts.

39.     Defendant denies the allegations contained in Paragraph 39.

### THIRD CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY

40.     Paragraph 40 is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

41.     Defendant denies the allegations contained in Paragraph 41, including all subparts.

42.     Defendant denies the allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45, including all subparts.

46.     Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 46 and those allegations are, accordingly, denied.

47.     Defendant denies the allegations contained in Paragraph 47.

### FOURTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

48.     Paragraph 48 is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

49.     Defendant denies the allegations contained in Paragraph 49.

50.     Defendant denies the allegations contained in Paragraph 50.

51.     Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 51 and those allegations are, accordingly, denied.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 53 and those allegations are, accordingly, denied.

54.     Defendant denies the allegations contained in Paragraph 54.

**FIFTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY OF FITNESS**
**FOR A PARTICULAR PURPOSE**

55.     Paragraph 55 is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

56.     Defendant admits only that it is engaged in the importing, marketing, distribution, and sale of the Instant Pot Programmable Electric Pressure Cookers such as the one that is the subject of this litigation. All other allegations contained in Paragraph 56 are specifically denied.

57.     Defendant denies the allegations contained in Paragraph 57.

58.     Defendant denies the allegations contained in Paragraph 58.

59.     Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 59 and those allegations are, accordingly, denied.

60.     Defendant denies the allegations contained in Paragraph 60.

**INJURIES AND DAMAGES**

61.     Paragraph 61 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 61.

62.     Paragraph 62 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 62.

63.     Paragraph 63 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 63.

**PRAYER FOR RELIEF**

The remaining paragraphs of Plaintiff's Complaint state a Prayer for Relief.  To the extent that any averment in Plaintiff's Prayer is deemed to require a response, Defendant denies each and every allegation contained therein.

/ / /

To the extent there are allegations in the Plaintiff's Complaint which have not been expressly responded to herein, Defendant denies each such allegation.

## **AFFIRMATIVE DEFENSES**

1.      As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's Complaint fails to set forth a claim upon which relief may be granted.

2.      As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's claims against Defendant is barred by the applicable statutes of limitation; including but not limited to California Code Civil Procedure §§ 335.1, 337, 337.1, 338, 339 and 343 et seq.

3.      As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's claims may be barred or limited by the doctrines of comparative fault and contributory negligence, comparative fault, and assumption of risk.

4.      As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's claims may be barred or limited by Plaintiff's unintended and/or unforeseen use of the product, and failure to follow the written warnings and instructions provided with the product.

5.      As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's claims may be barred or limited under the doctrines of product misuse and/or abuse of the product.

6.      As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's claims may be barred or limited for her failure to mitigate her claimed damages.

7.      As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's claims may be barred or limited because the product reflected the current state of the art at the time it left Defendant's control and complied with all industry, consensus, and regulatory standards.

8.      As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's claims may be barred or limited by the doctrine of spoliation of evidence.

9.      As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's alleged damages may have been caused by an intervening or superseding cause for which this Defendant is not responsible.

10.      As a separate and distinct Affirmative Defense, Defendant alleges that the benefits of the design of the subject product outweigh the risk associated with it, if any, and Plaintiff has

1    failed to allege a reasonable alternative design.

2        11.    As a separate and distinct Affirmative Defense, Defendant alleges that Defendant is

3    immune from suit by virtue of the Doctrine of Good Faith.

4        12.    As a separate and distinct Affirmative Defense, Defendant alleges that Defendant

5    was, at all times relevant hereto, acting with good faith and without oppression, fraud or malice as

6    those terms are defined in Cal. Civ. Code § 3294(c)(1) to (3).

7        13.    As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff has

8    not suffered any injury or damages attributable to any conduct by this Defendant.

9        14.    As a separate and distinct Affirmative Defense, Defendant alleges that all acts of this

10   Defendant were the result of the appropriate exercise of its accepted professional judgment

11   following accepted procedures.

12       15.    As a separate and distinct Affirmative Defense, Defendant alleges that third persons

13   or entities intentionally, negligently or otherwise caused the matters alleged in the Complaint, and

14   that said acts of these third parties or entities were active, primary and the proximate cause of the

15   injuries and damages complained of, if any there were.

16       16.    As a separate and distinct Affirmative Defense, Defendant alleges that pursuant to

17   California Civil Code § 1431.2, Defendant's liability for non-economic damages is several only,

18   and not joint, and that Plaintiff is therefore entitled to recover, if any at all, for non-economic damage

19   from Defendant only in direct proportion to Defendant's percentage of fault.

20       17.    As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff was

21   partially, if not wholly negligent or otherwise at fault on her own part pursuant to the doctrine of

22   comparative negligence and Plaintiff should therefore be barred from recovery of that portion of the

23   damage directly attributable to Plaintiff's proportionate share of the negligence or fault.

24       18.    As a separate and distinct Affirmative Defense, Defendant alleges that the accident,

25   injury and damages alleged in the Complaint were either wholly or in part proximately caused by

26   the misuse of the product which is the subject of the Complaint.  At all times and places mentioned

27   in the Complaint, Plaintiff used the subject product in an unreasonable manner, not reasonably

28   foreseeable to Defendant and for a purpose for which the product was not intended, manufactured

1    or designed.

2         19.    As a separate and distinct Affirmative Defense, Defendant alleges that the accident,

3    injury and damages alleged in the Complaint were either wholly or in part proximately caused by

4    an alteration, change and/or modification of the product which is the subject matter of the Complaint

5    and performed by a person or entity other than Defendant.

6         20.    As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff

7    and/or other persons failed to observe routine care or maintenance of the product or components

8    thereof herein alleged to have been manufactured, designed, assembled, produced, inspected, tested,

9    sold, supplied or otherwise distributed by Defendant after said product left Defendant's control and

10   that said conduct on the part of Plaintiff and/or other persons bars or diminishes Plaintiff's damages,

11   if any, recoverable in this action.

12        21.    As a separate and distinct Affirmative Defense, Defendant alleges that it is not legally

13   responsible in any manner with respect to the damages and injuries claimed by the Plaintiff in the

14   Complaint.  However, if Defendant is found to be legally responsible, then Defendant alleges that

15   its legal responsibility is not the sole and proximate cause of the injuries alleged by Plaintiff and

16   that the damages awarded to Plaintiff, if any, are to be apportioned according to the respective fault

17   and legal responsibility of Plaintiff and all parties, persons and entities who caused or contributed

18   to said injury according to proof presented at the time of trial.

19        22.    As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's

20   Complaint, and each count presented therein, are barred by the doctrine of estoppel.

21        23.    As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's

22   Complaint, and each count presented therein, are barred by the doctrine of express or implied

23   waiver.

24        24.    As a separate and distinct Affirmative Defense, Defendant alleges that Plaintiff's

25   Complaint, and each count presented therein, are barred by the doctrine of unclean hands.

26        25.    As a separate and distinct Affirmative Defense, Defendant hereby reserves the right

27   to interpose such other defenses and objections as a continuing investigation may disclose.

28   / / /

1

## **PRAYER FOR RELIEF**

2      **WHEREFORE**, Defendant prays for the following:

3      A.  That Plaintiff take nothing by reason of the Complaint;

4      B.  That Plaintiff's Complaint, and each claim for relief therein, be dismissed with prejudice;

5      C.  That judgment be entered in Defendant's favor and against Plaintiff;

6      D.  That Defendant be awarded costs of suit and attorney's fees incurred in the defense of

7          this action; and

8      E.  For such other and further relief as the Court may deem just and proper.

9      **DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

10

11    DATED: December 27, 2021              LEWIS BRISBOIS BISGAARD & SMITH LLP

12
                                           By:   /s/ *Robert W. Farrell*
13                                               _____
                                                 GLENN A. FRIEDMAN
14                                               ROBERT W. FARRELL
                                                 Attorneys for Defendant
15                                               INSTANT BRANDS INC.

16

17

18

19

20

21

22

23

24

25

26

27

28